UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD SEGINES,** | ) | **CASE NO. 1: 11 CV 2400** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **TERRY TIBBALS, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge White (Doc. 15) recommending that the Court deny petitioner's pending Petition for a Writ of *Habeas Corpus*. Petitioner has filed objections to the Report and Recommendation. For the reasons stated below, the Court accepts the Report and Recommendation and dismisses the petition.

**Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b), the district court reviews *de novo* "any part of [a] magistrate judge's disposition that has been properly objected to." "The district judge may accept, reject, or modify the recommended disposition; receive further evidence or return the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(3). "When no timely

1

objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

**Background**

The background facts are fully set forth by the Magistrate Judge in his Report and Recommendation. In October 2006, petitioner and co-defendants Harry Briscoe and Sharon Dockery were indicted on two counts of aggravated murder and two counts of aggravated robbery in connection with an attack upon Ali Th Abu Atiq. The evidence at trial showed that petitioner and Briscoe had an altercation with the victim and one of them shot and killed him. The charges against defendant included one and three year firearm specifications, felony murder specifications, repeat violent offender specifications, and a notice of a prior conviction. The felony murder charges were later dismissed by the state.

Trial commenced on May 7, 2007. Three days into the trial, defense counsel filed a motion for a separate trial, which was denied as untimely. On May 15, 2007, a jury found defendant not guilty of aggravated murder as charged in count two of the indictment but guilty of the lesser offense of murder, both counts of aggravated robbery, and the one-year and three-year firearm specifications. The trial court sentenced defendant to a term of imprisonment of fifteen years to life, plus three years for the weapon on the murder charge and a consecutive terms of ten years for the aggravated robbery convictions for a total of twenty-eight years to life in prison.

Petitioner filed a notice of appeal with the Ohio Court of Appeals, raising seven assignments of error: (1) there was insufficient evidence to convict petitioner; (2) petitioner's

conviction was against the manifest weight of evidence; (3) the trial court erred in denying defense counsel's motion to suppress identification testimony and photo arrays; (4) the trial court abused its discretion in denying petitioner's motion to separate trials and/or relief from joinder; (5) the trial court abused its discretion in denying petitioner's motions for mistrial; (6) the trial court abused its discretion in failing to provide a lesser included offense charge and in deleting portions of the agreed upon jury instructions; and (7) petitioner was denied effective assistance of counsel.

      The Ohio Court of Appeals rejected petitioner's assignments of error and affirmed petitioner's convictions. *State v. Segines*, No 89915, 2008 WL 1903997 (Ohio Ct. App. May 1, 2008). Following a motion for reconsideration, which was denied, petitioner filed a notice of appeal with the Ohio Supreme Court, which dismissed petitioner's appeal as not involving any substantial constitutional question. On August 8, 2008, petitioner filed an application to reopen his appeal with the Ohio Court of Appeals on the basis that he was denied effective assistance of counsel and due process. The court of appeals granted petitioner's application to reopen. Thereafter, petitioner raised one assignment of error: "Trial counsel's failure to object to indictment error pursuant to *State v. Colon*, 118 Ohio St.3d 26, 2008 Ohio 1624, deprived the appellant [of] his right to effective assistance of counsel." On October 21, 2010, the Ohio Court of Appeals rejected this claim and affirmed petitioner's convictions. The court of appeals held that the basis for the reopening of petitioner's appeal – that the indictment failed to include a *mens rea* element as required in *Colon* – was no longer viable under Ohio law. No appeal was taken to the Ohio Supreme Court.

3

**Discussion**

Petitioner's pending *pro se* petition for a writ of *habeas corpus* asserts the following four grounds for relief:

> Ground one: Petitioner's Ohio Constitutional right under Article 1 section 10, and U.S. Constitution of the Sixth Amendment was violated with respect to being properly informed of the nature and cause of the accusations.
>
> Ground two: Petitioner's Constitutional Right to due process under the 14th Amendment of the U.S. Constitution was violated as his conviction is based upon insufficient evidence.
>
> Ground three: The conviction of Petitioner was against the manifest weight of evidence. Vi[ol]ating Petitioner's Constitutional right to a fair trial and due process.
>
> Ground four: Petitioner's Constitutional right to due process and fair trial in accords with the U.S. Constitution and the Ohio Constitution was violated when the trial court tried Petitioner and Co-Defendant together. Further causing trial Counsel to be ineffective.

(Doc. No. 1.)

The Magistrate Judge found none of petitioner's asserted grounds sufficient to support the writ. The Magistrate Judge found that ground one – claiming that the indictment failed to properly inform petitioner of the nature and cause of the accusations – was procedurally defaulted because, although the claim was addressed when petitioner's appeal was reopened in the state appellate court, petitioner did not appeal the state appellate court's determination to the Ohio Supreme Court. In addition, the Magistrate Judge found ground one insufficient on the merits. The Magistrate Judge reasoned that petitioner's claim was that the indictment failed to include the *mens rea* element of the offense charged, but clearly established federal law as determined by the U.S. Supreme Court does not require charging documents in state criminal proceedings to explicitly set forth the *mens rea* element. The Magistrate Judge

4

found that the indictment did not violate the federal Constitution because the indictment afforded petitioner fair notice of the charges against him and clearly apprised him of the fact that he was being charged with aggravated robbery.

The Magistrate Judge found petitioner's ground three, that his conviction was against the manifest weight of evidence, to lack merit because "manifest weight claims" are not cognizable on federal *habeas* review.

The Magistrate Judge rejected petitioner's claim in ground two that there was insufficient evidence to support his convictions. The Magistrate Judge found that the state appellate court reasonably determined that petitioner's convictions were supported by sufficient evidence. Further, the Magistrate Judge found the evidence sufficient to support petitioner's convictions pursuant to the Magistrate Judge's own independent review.

The Magistrate Judge construed petitioner's claim in ground four to be that petitioner

> was deprived of the effective assistance of counsel when the trial court denied his motion to be tried separate from Boscoe, his co-defendant. [Petitioner] avers that defense counsel, by his own admission, was not prepared to proceed with a joint trial, resulting in ineffective assistance. Furthermore, his trial counsel's failure to seek severance in a timely manner resulted in an unfair trial. [Petitioner] also appears to be arguing that the trial court violated his right to a fair trial by denying the motion for a separate trial.

(R&R at 24.) The state appellate court held that the trial court did not abuse its discretion in denying petitioner's motion for a separate trial and rejected petitioner's claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The state appellate court held:

> In so far as we have determined that the evidence of Briscoe's conduct would be admissible even if the counts were severed, the evidence of each crime was simple and distinct and the matters were properly tried together, we find no error as to severance. Absent an error, the claim of ineffective assistance must

fail.

*State v. Segines*, No 89915, 2008 WL 1903997, at * 9.

The Magistrate Judge rejected petitioner's claim of ineffective of assistance of counsel on *habeas* review. The Magistrate Judge found that "the state court's finding that counsel satisfied the *Strickland* standard is not unreasonable." (R&R at 27.) In addition, the Magistrate Judge stated that in order to demonstrate ineffective assistance of counsel, the petitioner must demonstrate actual prejudice, not merely the potential for prejudice. The Magistrate Judge found that petitioner's arguments that a joinder prevented him from having a fair trial and that his counsel was thus ineffective lacked merit "as [petitioner] failed to identify any specific right infringed by the joint trial or any actual prejudice." (R&R at 28.)

Petitioner objects to the Report and Recommendation, disagreeing with the Magistrate Judge's conclusions on his claims. Petitioner, however, has not demonstrated that the Magistrate Judge's analysis of his claims is incorrect, or that he is entitled to a writ of *habeas corpus* under governing law. Upon review, the Court finds that the Magistrate Judge properly considered petitioner's claims and correctly found petitioner's asserted claims insufficient to support a writ of *habeas corpus*.

**Conclusion**

Accordingly, the Court accepts the Report and Recommendation of Magistrate Judge White. For the reasons stated above, as well as those stated in the Report and Recommendation of the Magistrate Judge, the pending Petition for a Writ of *Habeas Corpus* is denied. Petitioner's request for a certificate of appealability is also denied. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing of the denial of a constitutional right.

   IT IS SO ORDERED.

              /s/ Patricia A. Gaughan
              PATRICIA A. GAUGHAN
              United States District Judge

Dated: 11/8/12